UNITED STATES OF AMERICA

WESTERN DISTRICT OF WISCONSIN

FILED/REC'D
2025 FEB 18 A 11: 42
CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

DAVID D. EBBEN,

    Plaintiff,

v.

REBECCA LYNN ROEHRICK,

    Defendant,

Case No. 25-cv-124-wmc

# PRELIMINARY INJUNCTION/RESTRAINING/PROTECTIVE/GAG ORDER

1. A gag order is an impermissible prior restraint on speech where the people to whom it would apply have not made even a single statement that would be likely to prejudice the accused's right to a trial by an impartial jury, and the record does not show even a reasonable likelihood of prejudice sufficient to sustain a gag order. ((*WXIA-TV v. State, 303 Ga. 428, 811 S.E.2d 378 (2018)*))

2. A pretrial order forbidding public comment about a pending criminal case by the attorneys, defendants, and witnesses has been found to be valid under the First, Fifth, and Sixth Amendments to the United States Constitution ((*In re Russell, 726 F.2d 1007 (4th Cir. 1984); Levine v. U.S. Dist. Court for Cent. Dist. of California, 764 F.2d 590 (9th Cir. 1985).* When Sixth Amendment rights are at issue, the standard by which to measure justification for a gag

1.

order is whether there is a reasonable likelihood that pretrial publicity will prejudice a fair trial; the gag order must be reasonable and serve a legitimate purpose. P*eople v. Sledge, 312 Mich. App. 516, 879 N.W.2d 884 (2015). As to publicity in criminal cases, generally, see Am. Jur. 2d, Criminal Law §§ 914 to 919.)*)

3. A court should issue a gag order only if (1) the attorneys' speech presents a substantial likelihood of material prejudice to the proceedings, (2) the proposed protective order is narrowly tailored, (3) alternatives to the protective order would not be effective, and (4) the order would be effective in achieving the government's goal.2 It is in no way objectionable for a trial court to issue an order governing matters such as extrajudicial statements by parties or witnesses which would seem likely to interfere with the rights of the accused to a fair trial by an impartial jury. ((*South Bend Tribune v. Elkhart Circuit Court, 691 N.E.2d 200 (Ind. Ct. App. 1998); Sioux Falls Argus Leader v. Miller, 2000 SD 63, 610 N.W.2d 76 (S.D. 2000); State v. Carruthers, 35 S.W.3d 516 (Tenn. 2000).*))

4. A gag order in civil judicial proceedings will withstand constitutional scrutiny only where there are specific findings supported by evidence that (1) an imminent and irreparable harm to the judicial process will deprive litigants of a just resolution of their dispute, and (2) the judicial action represents the least restrictive means to prevent that harm.8 In civil cases, a restraining order has been upheld on the rationale that public comment by counsel could have had a detrimental impact on the integrity of the trial, ((*Shevin v. Thuotte, 339 So. 2d 253 (Fla. 2d DCA 1976*.))

5. "Harassment" means any of the following: Engaging in a course of conduct or repeatedly committing acts which harass or intimidate another person and which serve no legitimate purpose.

## MOTION FOR EX PARTE RESTRAINING ORDER

6. Plaintiff moves the court to enter a temporary restraining order without notice and without bond, restraining and enjoining defendant, [Rebecca Lynn Roehrick], from doing or taking any action to [further harm the Plaintiff's reputation and mental state of mind] and requiring defendant to [immediately cease any further forms of defamation, libel, or slander against the Plaintiff] until further order of the court.

7. In support of this motion there is attached to and made a part of this motion a copy of the complaint filed by plaintiff in the [Circuit Court] of [Winnebago County], Wisconsin on [01-24-2025], in this cause.

8. By not taking any action, the Defendant will continue such action as recently during a Contempt hearing the Defendant made the comment that the "Plaintiff was convicted of sexually abusing her daughter". This statement was 100% false and again is to prove that the Defendant will say whatever she has to win over the opinion of the Judge and to further Defame the Plaintiff.

Date: 02-10-2025

Respectfully submitted,<br>
*Electronically Signed*<br>
*David D. Ebben*<br>
David D. Ebben<br>
<br>
CHIPPEWA VALLEY TREATMENT CENTER<br>
2909 EAST PARK AVENUE<br>
CHIPPEWA FALLS, WI 54729

3.