IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
─────────────────────────────────────────────────────────────

DAVID D. EBBEN,

                          Plaintiff,                              OPINION AND ORDER

    v.

                                                                     25-cv-124-wmc

REBECCA LYNN ROEHRICK,

                          Defendant.

─────────────────────────────────────────────────────────────

      Plaintiff David D. Ebben, who is representing himself, filed this lawsuit against his ex-wife, defendant Rebecca Lynne Roehrick, while plaintiff was incarcerated by the Wisconsin Department of Corrections. The court dismissed plaintiff's original complaint because both he and his ex-wife are Wisconsin residents, and plaintiff did not demonstrate the requisite federal question jurisdiction for purposes of proceeding under 28 U.S.C. § 1331. (Dkt. #8.) Plaintiff has now filed an amended complaint. (Dkt. #14.) Because plaintiff filed this case as a prisoner and proceeds without prepayment of the filing fee, the court must screen the amended complaint and dismiss any claim that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, plaintiff must still allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Because the amended complaint does not meet the minimal pleading requirements of Federal Rule of Civil Procedure 8, the court will dismiss the amended complaint without prejudice and give him one final opportunity to correct the deficiencies described below.

ALLEGATIONS OF FACT[1]

Plaintiff David D. Ebben seeks leave to proceed against his ex-wife, defendant Rebecca Lynne Roehrick, on the following claims: "Denial of Access to Courts, Equal Protection Clause, Denial of ability to file State and Federal Taxes, and loss of Life/Liberty/Property as guarantee[d] by the Constitution of the United States of America." (Dkt. #14, ¶ 4.) Without providing any details, plaintiff alleges that he has tried "five times to get his case in State Court," but each time his cases have been dismissed at the pleadings stage. (*Id*. ¶ 18.) He provides no information about these cases, such as when or where they were filed, and he offers no details about the parties or the nature of his claims. Plaintiff adds that the defendant made "defamatory statements" against him during their contested divorce trial, which "were a direct threat and attack on his person and severely deprived him of his pursuit of life, liberty and the pursuit of happiness." (*Id*. at ¶ 25.)

OPINION

The amended complaint, which consists primarily of legal conclusions and case citations, does not contain sufficient allegations for plaintiff to proceed on any of his proposed claims. Federal Rule of Civil Procedure 8 requires a "'short and plain statement of the claim' sufficient to notify the defendants of the *allegations* against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis added). Although the "notice pleading" of Rule 8 does not require "detailed factual allegations" supporting each element of a claim, it is not enough for a pleader to make "[t]hreadbare recitals of the elements

---

[1] In addressing any *pro se* litigant's complaint, the court must read the allegations generously, drawing all reasonable inferences and resolving ambiguities in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570).

To the extent that plaintiff alleges that his constitutional rights were violated, his claims arguably arise under 42 U.S.C. § 1983. To state a claim for relief under § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff does not allege facts establishing that his ex-wife was a state actor. Likewise, plaintiff has not asserted any facts showing that the defendant personally caused or participated in a constitutional deprivation of the sort that would be actionable under § 1983. *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("individual liability under § 1983 requires personal involvement in the alleged constitutional violation") (citation omitted).

Although plaintiff alleges that his ex-wife defamed him, the amended complaint does not describe the defamatory statements, explain how they were defamatory, or demonstrate how he was harmed as a result of those statements. *Wagner v. Allen Media Broad.*, 2024 WI App 9, ¶ 21, 410 Wis. 2d 666, 3 N.W.3d 758 ("As a starting point for all defamation claims, the plaintiff must allege a false statement that was communicated to a third person that is unprivileged and capable of defamatory meaning.") (citing *Donohoo v. Action Wis., Inc.*, 2008 WI 56, ¶ 37, 309 Wis. 2d 704, 750 N.W.2d 739.) Because defamation is a state law claim, plaintiff's bare allegations do not otherwise rise to the level of constitutional violation and are

not actionable under 42 U.S.C. § 1983. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) (recognizing that while state tort law may protect against injury to reputation, a person's reputation does not implicate a liberty or property interest protected by Constitution).

Accordingly, the court will dismiss the amended complaint without prejudice and give plaintiff one final opportunity to file another amended complaint, if he wishes to do so. If he submits a proposed amended complaint by the deadline set forth below, the court will screen it under 28 U.S.C. § 1915(e)(2).

ORDER

IT IS ORDERED that:

1. Plaintiff David D. Ebben is DENIED leave to proceed, and his amended complaint (dkt. #14) is DISMISSED without prejudice, for failure to meet the minimal pleading requirements of Federal Rule of Civil Procedure 8.

2. Plaintiff has until January 9, 2026, to file an amended complaint that satisfies the requirements of Federal Rule of Civil Procedure 8. If plaintiff does not file an amended complaint by that date, this case will be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

3. Plaintiff's motion for a status report (dkt. #22) is DENIED as moot.

Entered this 9th day of December, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge