IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID D. EBBEN,

                        Plaintiff,                        OPINION AND ORDER

     v.

                                                      25-cv-124-wmc

REBECCA LYNN ROEHRICK,

                        Defendant.

---

Plaintiff David D. Ebben, who is representing himself, filed this lawsuit against his ex-wife, defendant Rebecca Lynne Roehrick, while plaintiff was incarcerated by the Wisconsin Department of Corrections. The court dismissed plaintiff's original complaint because both he and his ex-wife are Wisconsin residents, and plaintiff did not demonstrate the requisite diversity of citizenship or federal question jurisdiction for purposes of proceeding under 28 U.S.C. §§ 1331 or 1332. (Dkt. #8.) The court then dismissed plaintiff's amended complaint for failure to meet the minimal pleading requirements of Fed. R. Civ. P. 8, but allowed another opportunity to amend. (Dkt. #24.)

Plaintiff has now filed a second amended complaint. (Dkt. #28.) Because plaintiff filed this case as a prisoner and proceeds without prepayment of the filing fee, the court must screen the amended complaint and dismiss any claim that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even under this lenient standard, the second

amended complaint fails to state a claim and, therefore, this action will be dismissed for the reasons set forth below.

ALLEGATIONS OF FACT[1]

Plaintiff David D. Ebben alleges that, since 2022, defendant Roehrick has made "repeated false statements" against him "to various individuals, the courts, and attorneys." Those statements allegedly included accusations of abuse, financial misrepresentation, and other "untrue claims." Ebben adds that Roehrick also accused him of abusing animals, failing to attend unspecified court-mandated events, and "engag[ing] in other wrongful acts." Ebben claims that these statements, which he does not describe, were "intentionally false and published with malice, resulting in emotional distress, reputational harm, interference with legal proceedings, and economic loss."

Ebben contends that Roehrick violated his right to due process and equal protection because he was "deprived of life, liberty, and property" due to her false statements. Ebben also brings defamation claims for both libel and slander.

OPINION

To the extent that plaintiff alleges that his constitutional rights were violated, his claims arise under 42 U.S.C. § 1983. As explained to plaintiff previously, to state a claim for relief under § 1983 a plaintiff is required to show that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of that right

---

[1] The facts in this section are taken from plaintiff's most recent amended complaint, which supersedes his previous complaints. *See Chasensky v. Walker*, 740 F.3d 1088, 1094 (7th Cir. 2014) ("When a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward . . . [b]ecause a plaintiff's new complaint wipes away prior pleadings[.]") (citations omitted).

was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff does not allege facts establishing that his ex-wife was a state actor. Accordingly, he cannot bring a § 1983 claim against her under any theory.

Plaintiff also alleges that his ex-wife defamed him, although he does not identify any particular false statement or specify the date or to whom it was made. As explained to plaintiff previously, defamation is a state law claim that does not rise to the level of constitutional violation and is not actionable under § 1983. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) (recognizing that while state tort law may protect against injury to reputation, a person's reputation does not implicate a liberty or property interest protected by Constitution).

Plaintiff's allegations of libel and slander, which are forms of defamation, do not otherwise state a plausible claim. First, under Wisconsin law, defamation claims require that "the particular words complained of shall be set forth in the complaint." Wis. Stat. § 802.03; *see also Schindler v. Seiler*, 474 F.3d 1008, 1010 (7th Cir. 2007). Plaintiff's vague and conclusory allegations do not make this showing and are insufficient to state a claim. *See Wesbrook v. Ulrich*, 90 F. Supp. 3d 803, 808 (W.D. Wis. 2015) (dismissing defamation claim because "the allegations are too vague and conclusory as to the actual content of the alleged defamatory statements"). Second, to the extent that the alleged defamatory statements were made by plaintiff's ex-wife during court proceedings,[2] she is entitled to absolute immunity with respect to any claim based on her testimony, whether at trial or during pretrial settings, depositions,

---

[2] Courts may take judicial notice of the state court records. *See Patrick v. City of Chicago*, 81 F.4th 730, 734 n.2 (7th Cir. 2023) (state court proceedings are a proper subject of judicial notice). Specifically, the court notes that plaintiff's ex-wife initiated divorce proceedings against plaintiff in Winnebago County Circuit Court Case No. 2022FA274, which included contempt proceedings against him.

or affidavits. *Kowalski v. Boliker*, 893 F.3d 987, 999-1000 (7th Cir. 2018); *Curtis v. Bembenek*, 48 F.3d 281, 283-86 (7th Cir. 1995); see also *Snow v. Koeppl*, 159 Wis. 2d 77, 81, 464 N.W.2d 215, 216 (Ct. App. 1990) ("The Wisconsin rule [for witness immunity] is in harmony with the general rule throughout this country.").

Accordingly, plaintiff's second amended complaint fails to state a claim upon which relief may be granted. Because plaintiff has already had two opportunities to amend his complaint, and he has not corrected the deficiencies identified previously by the court, this action will be dismissed without further leave to amend and with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

## ORDER

IT IS ORDERED that:

1. Plaintiff David D. Ebben is DENIED leave to proceed with his second amended complaint (dkt. #28) and this action is DISMISSED with prejudice for failure to state a claim.

2. The clerk's office is directed to enter a "strike" for purposes of 28 U.S.C. § 1915(g) and to close this case.

Entered this 8th day of June, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

4